IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

ADRIAN ADOLPHUS ALEXANDER

\*

\*

vs.   Civil Case No.   AW-08-3045
      Criminal Case No.   AW-03-0321

\*

UNITED STATES OF AMERICA.

\*

\*\*\*\*\*\*

## ORDER

Before the Court is a Motion to Vacate under 18 U.S.C. § 2255 (paper # 613). In a Memorandum Opinion (paper # 645-1) dated May 28, 2009, this Court resolved two claims asserted in the motion, but reserved ruling on the remaining claim pending a hearing. The specific issue reserved for a hearing was "whether Petitioner was a victim of ineffective assistance of trial counsel based upon the alleged failure of counsel to explain the application of the Federal Sentencing Guidelines and how 'relevant conduct was used to calculate his sentence.'" [See paper # 646-1]. In a hearing held on March 19, 2010, the Court heard testimony from both the Petitioner and his former trial counsel. The Court found the trial counsel's testimony that he explained the application of the sentencing guidelines to the Petitioner, met with Petitioner on several occasions, and presented the plea offers from the Government to Petitioner to be credible. For the reasons articulated by the Court at the hearing, the Court concludes that Petitioner has neither established under Strickland v. Washington, 466 U.S. 668, 687 (1984), that his trial counsel's performance was deficient nor has Petitioner shown any resulting prejudice. Therefore, IT IS this **22nd day of March 2010**, by the United States District Court for the District of Maryland (Southern Division), **ORDERED**:

1. That Petitioner's remaining claim (#3) that he was a victim of ineffective assistance of counsel based upon the alleged failure of counsel to explain the application of the Federal Sentencing Guidelines and how "relevant conduct would be used to calculate his sentence" BE and the same Hereby is **DENIED**;

2. That the Motion to Vacate (paper # 613) filed by Petitioner, Adrian Adolphus Alexander, BE and the same Hereby is **DENIED** in its entirety;

3. That the Clerk **CLOSE** both the civil and criminal cases; and

4. That the Clerk mail copies of this Order to all parties and to Petitioner.

　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge